Case: 1:20-cv-01180 Document #: 142 Filed: 10/12/23 Page 1 of 4 PageID #:3062

FILED
10/12/2023
EW
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PC SCAN

In the United States District Court
for the Northern District of Illinois

Edward Slavin | Magistrate Judge
 | The Honorable
Vs | M. David Weisman

Quentin Tanner | Case # 20-CV-01180

**Plaintiff's Financial Settlement Proposal**

- Attached is Plaintiff's (3) page financial Settlement Proposal to Magistrate Judge, The Honorable M. David Weisman.

Respectfully Submitted,

*Edward Slavin R-06833*    Date: 12 October 2023
Edward Slavin R-06833
Dixon Prison
2600 Brinton Ave
Dixon IL 61021

(3) Pages Attached

Possible Financial Settlement from Plaintiff, Slavin vs Tanner, 20-CV-01180

- Stated as Fact: the Court has recognized (6) Kosher Diet / Religious Diet Violations:

1. No Kosher breakfast has ever been served. Plaintiff received (2) Kosher meals per day, not (3) meals per day as General Prison Population received: A 1st Amendment and 14th Amendment Violation.
2. No Kosher Kitchen exists, meaning, all opened foods served, were passed off as Kosher: A 1st Amendment Violation.
3. A deficient Kosher Diet has been served based on calories + nutrition on a daily basis as compared to what the General Prison Population received: A 1st Amendment and 14th Amendment Violation.
4. No Kosher Diet training exists for either Staff or Inmate Kitchen workers: A 7th Circuit Violation. (Rice etal Rice vs Correctional Medical)
5. Defendant operated without any established Kosher Diet Policy and gave no regard to any constitutional standard: A Monell, U.S. Supreme Court Violation.
6. Menu Fatigue - Meal Repetition, serving the same (5) Kosher meals for lunch + supper, day after day, creating an un-reasonable situation. (The Court

1

has yet to test this theory).

- All (6) violations run the term of this lawsuit: 6-Sept 2017 through 22-Sept 2022 or (5) years and (16) days or (1,841) straight days.

- Referring to 7-November 2022, The Supplement to Defendant's Interrogatories, Q#9 + Q#10, Document #130-6, Pages #32, #33 + #34, Page ID #3025, #3026 + #3027: Here the Plaintiff briefly and with-out commitment, explores the question of a financial settlement.

- A fincial settlement would be based on Nelson Vs Miller, WL-6400524 at #3, S.D. IL (2011). This case was a 7th Circuit reverse and remand. The Court found a ($10$^{00}$) per diem a reasonable award for a Lent meat/less religious diet violation. If this per-diem is good for a Christian/Catholic then it's good for a Jew.

- Nelson had (1) religious diet violation. Plaintiff in this case has (6) Court recognized violations. Also the Nelson Court ruled in (2011), alot of economics have effected the dollar's valuation in the past (12) years. Any calculation needs to be adjusted for time. Plaintiff relies on (3) sources: ① The U.S. Bureau of Labor Statistics,

2

② C.P.I. Inflation Rate and ③ Annual Inflation Rate. Plaintiff used the (2) lowest calculations up to August (2022) to arrive at a current value of ($13.26) for a per-diem rate.

- Thusly a financial settlement would be:

    $ 13.26      Per diem per Religious Diet Violation
    x 1,841      Days (Time-frame of this law suit)
    $ 24,411.66  Per Religious Diet Violation
    x 6          Court Recognized Religious Diet Violations
    $ 146,469.96 Fully Justified financial Settlement
                 for this law suit

- Plaintiff also wants reimbursement for expenses (copies & postage) and certain prison accommodations.

- This number is excessive, and (1,841) straight days is also excessive for depriving Plaintiff of an adequate religious diet! The 7th Circuit & 7th District established this per-diem. Plaintiff only adjusted for current dollar valuation and factored in the enormity of Defendant's wreckless un-constitutional and un-reasonable behavior that effected Plaintiff's physical and mental health.

Prepared by Plaintiff Slavin on 3-October 2023.

3